RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

MAR 25 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

ORIGINAL

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

MAR 24 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WARREN A. SKILLERN,<br>Plaintiff,<br><br>v.<br><br>KEN PADGETT, et al.,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>2:03-CV-0004-RWS |

## ORDER

On February 11, 2003, this Court dismissed Plaintiff's complaint based on 28 U.S.C. § 1915(g), because Plaintiff previously had brought at least three actions in federal court that were dismissed as frivolous.[1] [Doc. 4]. Plaintiff now has filed a motion asking this Court to find 28 U.S.C. § 1915(g) to be unconstitutional.

The Eleventh Circuit, however, previously has upheld the three strikes provision of 28 U.S.C. § 1915(g) as passing constitutional muster. Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 721 (11th Cir. 1998). Consequently, Plaintiff's argument is without merit.

---

[1] According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."



AO 72A
(Rev.8/82)

Additionally, Plaintiff's claim that he is falsely imprisoned does not satisfy the "imminent danger" exception to § 1915(g). See, e.g., Peterson v. Spring City Police Dep't, No. Civ. A. 00-5203, 2000 WL 1622851 (E.D. Pa. Oct. 23, 2000) (dismissing claim for false arrest and false imprisonment under three strikes provision because plaintiff failed to show that he was in imminent danger of serious physical injury).

Plaintiff also states in a footnote that he was severely assaulted by prison officials while handcuffed, which he claims to have mentioned in another case, Skillern v. Brown, 2:03-CV-0012-RWS. The Court first notes that it also dismissed Skillern v. Brown pursuant to 28 U.S.C. § 1915(g). Additionally, Plaintiff never mentioned these facts in either his complaint or his motion for reconsideration of this Court's dismissal of that case. Even if he had mentioned these facts, he still would not have demonstrated how the alleged past assault renders him in any continuing or imminent danger, as "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry, 185 F.3d at 1192. See also Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (holding that "the statute's use of the present tense verbs 'bring' and 'is' demonstrates an

otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing. Allegations that a prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g). . . ."); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion or IFP status is made.") Thus, these facts do not warrant reversing the dismissal of his complaint pursuant to § 1915(g).

Accordingly, Plaintiff's motion to find 28 U.S.C. § 1915(g) unconstitutional is **DENIED**.

IT IS SO ORDERED this 21st day of March, 2003.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)